76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GRATEFUL DEAD PRODUCTIONS, INC.; Ice Nine Publishing
Company, Plaintiffs-Appellants,
v.
AUDITORY ODYSSEY; Starday Records, Inc.; Moe Lytle;
International Marketing Group, Inc.; Cassettes
Unlimited; G.M.L.; Richmond
Manufacturing & Distributing,
Inc., Defendants-Appellees.
 No. 94-56258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1995.
Decided Jan. 18, 1996.
 
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Grateful Dead Productions, et al. appeals the district court's judgment in favor of Auditory Odyssey, et al. alleging that Auditory Odyssey willfully infringed on the Grateful Dead's copyrights in the Wake of the Flood album and the eight musical compositions contained on the album. Grateful Dead Productions also seeks increased statutory damages under the Copyright Act, 17 U.S.C. § 504(c). We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM.
 
 I. The Infringement
 
 3
 On summary judgment the district court found the defendants liable for copyright infringement. The issues at trial were whether the defendants willfully infringed on the plaintiffs' copyrights and the assessment of damages. The district court held that the defendants were not willful infringers and awarded statutory damages accordingly.
 
 
 4
 A finding of willfulness in a copyright infringement case is a factual determination reviewed for clear error. Frank Music Corp. v. Metro Goldwyn-Mayer, Inc., 772 F.2d 505, 515 (9th Cir.1985), cert. denied, 494 U.S. 1017 (1990); Kamar Int'l, Inc. v. Russ Berrie & Co., 752 F.2d 1326, 1331 (9th Cir.1984). In copyright cases the plaintiff can elect between actual or statutory damages. 17 U.S.C. § 504(a) (1977). The Copyright Act allows for higher statutory damages when the infringer is willful.[1] 17 U.S.C. § 504(c)(2). When the infringement is not willful the statutory range is from $250 to $10,000 for each copyrighted work. 17 U.S.C. § 504(c)(1). When the infringement is willful the damages may be increased to a maximum of $50,000 for each copyrighted work. 17 U.S.C. § 504(c)(2).
 
 
 5
 Neither the Copyright Act nor its legislative history defines willfulness. Peer Int'l Corp. v. Pausa Records, Inc., 909 F.2d 1332, 1335 n. 3 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). Courts have defined willful infringement as with the "knowledge that the defendants' conduct constituted an act of infringement." Id. at 1335.
 
 
 6
 The district court in its findings of fact found that:
 
 
 7
 At the time of the 1984 purchase, Defendants believed that they had acquired clear title to most of the master tapes that were purchased. Defendants knew or should have known, however, that a lesser number of the master tapes acquired, including the Wake of the Flood, were not sufficiently traced in order to be certain title was clear.
 
 
 8
 Relying on this factual finding, plaintiffs argue that a defendant who knew or should have known that his or her conduct was infringing is willful for purposes of the Copyright Act. Plaintiffs, however, have misconstrued the district court's finding of fact. The court's finding merely states that the defendants knew or should have known that they were not certain about whether title was clear. The court did not find that defendants knew they were infringing on plaintiffs' copyrights nor did the court find that the defendants acted with deliberate indifference to the rights of the plaintiffs. Therefore, the district court's finding of fact is consistent with its conclusion that the defendants were negligent, but not willful.
 
 
 9
 The plaintiffs argue that case law supports a finding of willfulness. However, none of the cases relied upon by the plaintiffs compel the conclusion that the defendants' infringement in this case was willful. See Pye v. Mitchell, 574 F.2d 476 (9th Cir.1978) (finding defendants liable for higher statutory damages because defendants had actual notice of the infringement in the form of a written release of liability, yet defendants continued to infringe); Peer Int'l, 909 F.2d 1332 (holding that licensee willfully infringed copyright by continuing to make recordings of copyrighted works after receiving written notice of termination from the copyright owners); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224 (7th Cir.1991) (holding that defendant was a willful infringer based on fact that defendant received a letter stating that it could not broadcast music without a license and that the defendant had demonstrated resistance to paying copyright fees in the past). Thus, the district court's finding that defendants were negligent, but not willful, is not clearly erroneous.
 
 
 10
 II. Review of Statutory Damage Award on Appeal
 
 
 11
 Plaintiffs contend that even if the infringement was not willful, the trial court should have awarded larger statutory damages. On appeal, review of an award of statutory damages is quite limited because the trial court has wide discretion in determining the amount of statutory damages to be awarded. Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir.1984). The trial court's discretion is constrained only by the specified maximum and minimum amounts. Id.
 
 
 12
 In the present case, the district judge awarded Grateful Dead Productions and Ice Nine a total of $42,000 in statutory damages. The judge awarded $10,000 for the infringement of the Wake of the Flood album's sound recording copyright, and $4,000 for infringement of each of the eight musical compositions at issue in this litigation. The district court awarded the maximum damages for the infringement on the sound recording and awarded a lesser amount that was within the statutory range for the infringement on each musical composition. Thus, the district court did not abuse its discretion in establishing the amount of damages.
 
 III. Attorneys' Fees and Costs at Trial
 
 13
 The plaintiffs argue that because they were the prevailing party, the trial court should have awarded them attorneys' fees. The Copyright Act provides for attorneys' fees in 17 U.S.C. § 505:
 
 
 14
 In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.
 
 
 15
 17 U.S.C. § 505 (1977) (emphasis added). The Supreme Court has recently held that in copyright cases, attorneys' fees are to be awarded to prevailing parties only as a matter of the district court's discretion. Fogerty v. Fantasy, Inc., --- U.S. ----, ----, 114 S.Ct. 1023, 1033 (1994).
 
 
 16
 In the case at bar, the plaintiffs prevailed by summary judgment on the issue of liability. The plaintiffs, however, failed to prove the main issue at trial which was whether the defendants acted willfully. Thus, the district court did not abuse its discretion when it ordered that both sides must bear their own attorneys' fees.
 
 
 17
 The plaintiffs also argue that they should be awarded costs under Fed.R.Civ.P. 54(d). This federal rule does not apply in copyright cases because the Copyright Act has its own costs provision. See Fed.R.Civ.P. 54(d); 17 U.S.C. § 505. Under 17 U.S.C. § 505, the district court did not abuse its discretion when it ordered that both sides bear their own costs.
 
 IV. Costs on Appeal
 
 18
 Defendants requested costs on appeal. Since the trial court's judgment is affirmed, costs on appeal are taxed against the plaintiffs-appellants. See Fed.R.App.P. 39.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The amount of statutory damages was increased in the 1988 amendments to the Copyright Act. In this case, the pre-amendment amounts of statutory damages apply because the cause of action arose before the 1988 amendments. See 17 U.S.C. § 101 note